IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 1:06CR80-2

LATEEF JAMAL LINGHAM
    Defendant.

**ORDER/OPINION**

On the 18th day of May 2007, came the United States of America by Shawn Angus Morgan, Assistant United States Attorney, and also came the defendant, Lateef Jamal Lingham, in person, and by his counsel, Kumaraswamy Sivakumaran, for hearing on a Petition for Action on Conditions of Pretrial Release filed by Vincent Zummo, Defendant's Adult Pretrial Services Officer, on May 10, 2007.

On March 20, 2007, Defendant was released on conditions set by Order. On May 10, 2007, Defendant's Adult Pretrial Services Officer filed a Petition for Action on Conditions of Pretrial Release alleging Defendant had violated Condition #2 of his Conditions of Pretrial Release, which required him to immediately advise the Court, defense counsel, and the U.S. Attorney in writing before any change of address and telephone number.

The Court heard the sworn testimony of Defendant and of Defendant's Adult Pretrial Services Officer Vincent Zummo.

Based upon the testimony, argument, and the Petition, the Court finds Defendant is charged with a single violation, that of failing to advise of a change of address or telephone number. The issue therefore revolves around whether Defendant's address changed. Defendant's uncorroborated but also uncontested testimony was that he had lived at the same residence for

6 1/2 months, but the landlord changed or corrected the address. The Court sternly advised Defendant it was not the probation officer's duty to go out and find him. Instead, Defendant has the duty to report to the probation office as directed. However, on the sole matter before the Court, the Court finds the evidence is evenly balanced, and insufficient upon which to revoke Defendant's pretrial release at this time.[1]

Defendant is therefore continued on release on the same conditions of release as previously entered by the Court with the additional conditions entered this date.

The Clerk is directed to send copies of this Order to counsel of record, to the United States Marshal, and to the United States Probation Officer.

DATED: May 18, 2007

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court noted that Defendant had tested positive for and admitted he had used a controlled substance; that he had preliminarily tested positive for a controlled substance and that the verification test results had not been received by the probation office by the time of the May 18, 2007 hearing; that he had contact with police that he failed to notify his probation office of within 72 hours of the event; and he had failed to timely file his monthly report for May 5, 2007 all of which could have been but were not alleged in the subject petition as violations.