FILED

JUN 8 - 2007

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 1:06CR80-2

LATEEF JAMAL LINGHAM
       Defendant.

## ORDER/OPINION

On the 7th day of June 2007, came the United States of America by Shawn Angus Morgan, Assistant United States Attorney, and also came the defendant, Lateef Jamal Lingham, in person, and by his counsel, Kumaraswamy Sivakumaran, for hearing on a Petition for Action on Conditions of Pretrial Release filed by Vincent Zummo, Defendant's Adult Pretrial Services Officer, on May 29, 2007.

It will be recalled that on March 20, 2007, Defendant was released on conditions set by Order. On May 10, 2007, Defendant's Adult Pretrial Services Officer filed a Petition for Action on Conditions of Pretrial Release alleging Defendant had violated Condition #2 of his Conditions of Pretrial Release, which required him to immediately advise the Court, defense counsel, and the U.S. Attorney in writing before any change of address and telephone number. After hearing the sworn testimony of Defendant and of Defendant's Adult Pretrial Services Officer Vincent Zummo, the Court found Defendant's uncorroborated but also uncontested testimony was that he had lived at the same residence for 6 ½ months, but the landlord changed or corrected the address. The Court sternly advised Defendant it was not the probation officer's duty to go out and find him. Instead, Defendant has the duty to report to the probation office as directed. However, on the sole matter before the Court, the Court found the evidence evenly balanced and insufficient

upon which to revoke Defendant's pretrial release at the time. The Court therefore continued Defendant on release on the same conditions of release as previously entered by the Court with the following additional specific conditions:

> 7(v): The defendant shall provide manager verification in writing of employment to the P.O. by 4:00 p.m. 5/18/2007;
>
> 7(w): The defendant shall provide Landlord's written statement of rental of specific rental unit in which he resides alone;
>
> 7(x): The defendant shall make 1 phone call each weekday (M-F) between 8 am.-4:pm to V. Zummo (PO) and if VZ is not there, to leave voice message stating: Time, Whereabouts and identification (Name); and
>
> 7(y) Immediate Drug Test.

On May 29, 2007, Defendant's Adult Pretrial Services Officer Vincent Zummo filed a subsequent Petition for Action on conditions of Pretrial release alleging the following:

1. Violation of Condition #7(p): The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. The defendant submitted a urine specimen on May 16, 2007, which tested positive for cocaine. This specimen was confirmed positive for cocaine by Scientific Testing Laboratories on May 21, 2007 at 308 ng/ml . . . .

2. Violation of Condition #7(p): The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. The defendant submitted a urine specimen on May 18, 2007, which tested positive for cocaine. This specimen was confirmed positive for cocaine by Scientific Testing Laboratories on May 24, 2007 at 7,607 ng/ml . . .

3. Violation of Condition #7(v): The defendant shall provide manager verification in writing of employment to the Pretrial Services Officer by 4 p.m. on May 18, 2007. The Court modified the defendant's conditions of release after a revocation hearing on May 18, 2007. The defendant, while under oath, reportedly had employment at Go-Mart location in Clarksburg, West Virginia. The defendant was required to provide written documentation of his reported employment, but has failed to do so.

4. Violation of Condition #7(w): The defendant shall provide a written statement from his landlord which indicates in which rental unit he resides alone. The defendant has failed

to submit any written verification of his rental agreement to date.

5. Violation of Condition #7(x): The defendant shall make one phone call each weekday (M-F) between 8 a.m. and 4 p.m. to V. Zummo (PO) and if VZ is not there, to leave a voice message stating: Time, whereabouts, and identification (name). The defendant was released on May 18, 2007, with the noted condition. The defendant t left one voice mail message on May 21, 2007, however has failed to leave any messages since that time.

The Court heard the testimony of United States Adult Pretrial Services Officer Stacey M. Claxton and the argument of Defendant's counsel regarding the alleged violations. Upon consideration of all which, the Court finds:

Defendant tested positive for cocaine on May 16, 2007, and the amount, based on verbal report, was 308 ng/ml.

Defendant tested positive for cocaine on May 18, 2007, and the level was 7,607 ng/ml by verbal report.

Defendant did not provide proof of his employment at Go-Mart by 4 p.m. on May 18, 2007, as ordered. He instead provided a letter from Richard Hughes on June 1, 2007, stating he was employed at a Beauty Salon in Clarksburg.

Defendant has to date not provided proof of his rental of the apartment at which he testified he resided during the first revocation hearing on May 18, 2007.

Defendant did not contact Vincent Zummo or leave voice mails for Vincent Zummo or for anyone else at the United States Probation Office on the weekdays between May 21 and May 31, 2007, as ordered.

Upon consideration of all the evidence in the record, the undersigned concludes there is clear and convincing evidence that Defendant violated the conditions of his release as alleged in the Petition for Action on Conditions of Pretrial Release.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence of record, the undersigned finds Lateef Jamal Lingham is unlikely to abide by any condition or combination of conditions of release.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a), (b)(1)(B) and (2)(A) and (B), the release of Defendant Lateef Jamal Lingham on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: June 7 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

4